UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

AUSBEN L. LOGAN,

    Plaintiff,

v.                        CAUSE NO. 1:22-CV-369-DRL-SLC

ALLEN COUNTY JAIL *et al.*,

    Defendant.

OPINION AND ORDER

Ausben L. Logan, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Logan is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Logan is incarcerated at the Allen County Jail awaiting trial. He alleges that the jail is excessively dirty. Specifically, he claims the "air vents are disgusting with literally black tar and rusty," which has caused him to suffer nosebleeds, cold sweats, and

sneezing. He further claims that the "walls are disgusting" and that some of the walls (he does not specific which) have "dry blood, dry spit, dry food and so much more disgusting and horrifying stuff." Based on these conditions, he sues the Allen County Jail and Allen County Sheriff David Gladieux for "$50,000-$100,000."

Because Mr. Logan is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. Detainees are held in conditions that amount to punishment when they are not provided with "reasonably adequate" food, ventilation, sanitation, bedding, hygiene materials, and utilities. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citation omitted). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

The court will presume that Mr. Logan plausibly alleges that he has been denied constitutionally adequate living conditions. However, he does not name a viable defendant. He names the jail itself, but this is a building, not a "person" or policymaking body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). As to Sheriff Gladieux, he is not mentioned anywhere in the narrative section of the complaint, and it appears Mr. Logan is trying to hold him liable because of his position in county government. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and the sheriff cannot be held liable solely because he oversees operations at the jail. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There are no allegations in the complaint from which the court can plausibly infer that the sheriff had personal knowledge of the conditions or took some purposeful action that could be deemed objectively unreasonable under the circumstances. Mere negligence in maintaining the jail does not give rise to Fourteenth Amendment liability. *Miranda*, 900 F.3d at 353. He has not stated a claim for damages against the sheriff under the Fourteenth Amendment.[1]

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under

---

[1] The court notes that Mr. Logan does not specifically request any form of injunctive relief in his complaint. It is also not entirely clear whether this is an ongoing problem or whether the conditions have been remedied, as he states that the event he is suing about occurred on "June 25, 2022." (ECF 1 at 1, 4.)

penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **January 17, 2023**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

December 22, 2022                                   *s/ Damon R. Leichty*
                                                                  Judge, United States District Court